IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE BOLES,

　　　　　Plaintiff,

v.                                    Case No. 08-2554-JWL-GLR

BNSF RAILWAY COMPANY,

　　　　　Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Rule 35 Examination and to Extend Time (doc. 73).  Defendant requests that the Court enter an order requiring Plaintiff to appear for a physical medical examination authorized by Fed. R. Civ. P. 35 and for a reasonable extension of time to reschedule the examination and to provide a report.  In support of its motion, Defendant states that it scheduled a physical exam of Plaintiff with an orthopaedist on April 27, 2009 and notified Plaintiff's counsel by letter dated April 22, 2009.  Counsel for Plaintiff faxed a letter to Defendant's counsel on April 24, 2009, stating that he would not produce Plaintiff with no explanation.  Defendant cancelled the examination and filed the instant motion on April 27, 2009.

Plaintiff objects to the motion as untimely because it was not filed sufficiently in advance of the May 1, 2009 Scheduling Order deadline for the parties to complete all Fed. R. Civ. P. 35 physical or mental examinations.  He argues that Defendant waited too long to request a medical examination of Plaintiff and has failed to show any good cause for an

extension of the deadline for completing a Rule 35 examination. He further argues that Defendant's motion to compel is procedurally deficient because it is silent as to the manner, conditions, and scope of the requested examination.

Federal Rule of Civil Procedure 35 governs physical and mental examinations of parties. It provides that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."[1] The court's order "(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."[2] Unlike other discovery mechanisms, such as interrogatories or depositions, which a party can invoke on his own, Rule 35 requires the party seeking to conduct a medical examination first to obtain the permission of the district court.[3] To obtain an order for an independent medical examination, the party seeking the examination must demonstrate two things: (1) that the examined party's mental or physical situation is "in controversy," and (2) that there exists "good cause" for the exam.[4] Notwithstanding the requirement of Rule 35, "physical and mental examinations are

---

[1]Fed. R. Civ. P. 35(a)(1).

[2]Fed. R. Civ. P. 35(a)(2)(A)-(B).

[3]*Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 689 (10th Cir. 2007) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 117-18 (1964)).

[4]*Id.* (quoting *Schlagenhauf*, 379 U.S. at 118-19).

usually arranged by stipulation of the attorneys, with the rule standing as a compulsory sanction that helps to produce stipulations."[5]

Plaintiff alleges that while working for Defendant he was exposed to various ergonomic risk factors to his hands, wrists, arms, legs, neck and back resulting in disorders of the musculoskeletal and/or nervous system.  Plaintiff claims that these injuries were caused by the equipment, methods and conditions he experienced while employed by Defendant. Defendant contends that Plaintiff has thus placed his physical condition in controversy as contemplated by Rule 35(a)(1).  Plaintiff has not contested Defendant's contention that Plaintiff's physical condition is in controversy.  Additionally, Plaintiff has not challenged the existence of good cause on Defendant's initial motion for a Rule 35 examination.

Plaintiff instead opposes Defendant's motion to compel a medical examination on the grounds the motion is untimely.  He argues that he was notified of the requested medical examination only five days before the scheduled appointment.  He further points out that Defendant's counsel scheduled the examination to take place only four days before the deadline provided by the Scheduling Order.

The Scheduling Order set a deadline of May 1, 2009, for the parties to complete all Fed. R. Civ. P. 35 physical or mental examinations.  The Scheduling Order further provides that:

---

[5]*Id.* (quoting 8A Charles Alan Wright, Miller & Marcus, *Federal Practice and Procedure* § 2234 (2d ed. 1994)).

> If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.[6]

The Court finds Defendant's motion to be timely filed. Although it was not filed "sufficiently in advance" of the May 1, 2009 deadline, Defendant has explained that it was not aware that Plaintiff intended to object to a Rule 35 examination. Plaintiff has not otherwise shown that he advised Defendant of his objection to a Rule 35 exam prior to April 24 so that Defendant could have filed its motion sufficiently in advance of the May 1, 2009 deadline. As Defendant was unaware of Plaintiff's intention to object to the examination, Defendant has shown good cause for an extension of the deadline for completing a Rule 35 examination. The Court accordingly withdraws the deadline. Plaintiff also argues that Defendant's Motion for Rule 35 Examination is procedurally insufficient because it fails to discuss the manner, scope and condition of the medical exam. As discussed in Plaintiff's Response, the motion and Defendant's notice to Plaintiff scheduling the medical exam set forth only the time, place, and the name of the doctor administering the exam.[7]

The Court declines to treat the deadline set in the Scheduling Order as anything more than presumptive and reflective of what the parties themselves have earlier proposed. D. Kan. Rule 35.1 indicates a very broad time frame for the examination: "Pursuant to Fed. R. Civ. P. 35 the physical or mental examination of a party may be ordered at any time prior to trial."

---

[6]See Sch. Order (doc. 62) ¶ 2(I).

[7]Pl.'s Resp. to Def.'s Mot. for Rule 35 Exam. and Mot. to Extend Time ¶ 7.

The Court does not find the motion procedurally deficient. Fed. R. Civ. P. 35(a)(2)(B) provides that "[t]he order . . . must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  However, when Rule 35 motions are specific enough to provide general details of the examination, but fail to specify all of the elements as required under Fed. R. Civ. P. 35, the court "will leave the specifics to be worked out by the parties."[8]  Thus, despite the fact that Defendant's motion to compel fails to identify the scope, manner or conditions of the exam, the request is still acceptable, with additional details to be determined by the parties. The Court will accordingly accept Defendant's Motion for Rule 35 Examination.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Rule 35 Examination and to Extend Time (doc. 73) is sustained.  Plaintiff shall submit to a physical examination by Dr. Ernest Neighbor at the doctor's professional office in Independence, Missouri, at a date and time mutually convenient to the parties.

IT IS SO ORDERED.

Dated this 3rd day of June 2009, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[8]*Doty v. Zimbelman*, No. Civ. A. 96-2499-GTV, 1997 WL 728120, at *1 (D. Kan. Nov. 20, 1997); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 623 (D. Kan. 1999); *Lane v. Pfizer, Inc.*, No. 04-CV-683-CVE-PJC, 2007 WL 221959, at *3 (N.D. Okla. Jan. 25, 2007); *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 571 n.4 (D. Kan. 1998).